UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-251 (DWF/KMM)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**ORDER OF DETENTION**

CHASE MACAULEY ALEXANDER,

      Defendant.

This matter came before the Court on October 25, 2018, for a hearing on the government's motion for detention, pursuant to 18 U.S.C. § 3142(f)(1)(E). The Indictment charges Defendant Chase Macauley Alexander with receiving, distributing, and possessing child pornography, in violation of 18 U.S.C. § 2252. At the hearing, Alexander was present and represented by Assistant Federal Defender Shannon Elkins. The government was represented by Assistant United States Katharine T. Buzicky. Detective Sean McKnight of the Apple Valley Police Department testified for the government.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.    The Defendant is charged with numerous crimes involving minor victims. The government moved for detention in this matter, arguing that Alexander poses a danger to others in the community and presents a risk of non-appearance at future Court proceedings. Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption in

1

favor of detention in this case because Alexander is charged with offenses involving minor victims under 18 U.S.C. § 2252.

2.  At the hearing, Detective McKnight testified that his investigation involved the sharing of child pornography over the Internet. During the execution of a search warrant in October 2017, Apple Valley police located Alexander in his bedroom with a butterfly knife in his hand. Police officers had to order Alexander to put down the knife. Detective McKnight interviewed Alexander that day. Detective McKnight learned Alexander is knowledgeable about computers, beyond the skill of average users. Alexander stated that he believed children may be "aborted" up to the age of the three, and that if a child were about to walk off a bridge he would not take steps to help the child. Detective McKnight located underwear belonging to a known minor in Alexander's bedroom.

3.  Detective McKnight also reviewed the contents of Alexander's computer equipment as a part of his investigation, and found a large volume of extremely violent child pornography involving infants and toddlers. In addition to those files, Detective McKnight and his colleagues also located videos of murders and executions of other people, and videos depicting the sexual abuse and torture of animals in a computer folder labelled "Gore."

4.  When Detective McKnight arrested Alexander on October 22, 2018, Alexander had another knife in his possession, and had obtained a new cell phone and computer.

5. Consequently, the Court concludes, pursuant to 18 U.S.C. § 3142(e), that detention is appropriate. The Court acknowledges the presumption in favor of detention. Here, the Government has met its burden; showing by clear and convincing evidence that Alexander is a danger to the community. Alexander did not successfully rebut the presumption in favor of detention.

6. In making this finding, the Court has considered a number of factors. Specifically, the Court finds Alexander poses a danger to others in the community. The Court finds that the child pornography materials Alexander is alleged to have possessed are extreme and violent beyond the type of child pornography commonly found in other federal child pornography cases. Alexander is also a more sophisticated computer user than many other defendants. In addition, Alexander possessed numerous morbid, sadistic videos of the killing and/or torture of people and animals. The Court also considers Alexander's possession of a child's underwear and his attitude toward violence against children. In the context of this case, those facts suggest a danger to others. Finally, the Court has considered Alexander's possession of two knives. While it is not uncommon for individuals to carry knives, in the context of this case, those weapons can pose a danger to others and Alexander himself.

7. Therefore, there is no condition, or combination of conditions, which will reasonably assure the safety of the community.

Accordingly, IT IS HEREBY ORDERED that:

1. Alexander is committed to the custody of the United States Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Alexander shall be afforded reasonable opportunity to consult privately with his lawyer; and

3. Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Alexander is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

Dated: October 31, 2018

*s/Tony N. Leung*
THE HON. TONY N. LEUNG
United States Magistrate Judge