UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-251 (DWF/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | UNITED STATES'S PRE- HEARING |
| | ) | RESPONSE TO DEFENDANT'S |
| v. | ) | PRE-TRIAL MOTIONS |
| | ) | |
| CHASE MACAULEY ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Katharine T. Buzicky, Assistant United States Attorney, hereby submits its response to defendant Chase Alexander's pre-trial motions. The United States respectfully asks for the opportunity to file supplemental briefing at the conclusion of the motions hearing on these matters.

1. **Motion for Disclosure of 404(b) Evidence [Doc. No. 19]**

Alexander moves the Court for an order directing the United States to disclose any "bad act" or "similar course of conduct" evidence that the United States intends to offer at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The United States is aware of its obligations under Rule 404(b) and intends to comply fully with those obligations. The United States respectfully proposes that the Court order 404(b) materials be disclosed 14 days before trial.

**2.    Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant [Doc. No. 20]**

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  The United States has complied, and will continue to comply with *Brady*, *Giglio*, and their progeny.  The United States objects to Alexander's motion to the extent that it goes beyond the requirements of *Brady*, *Giglio*, and their progeny.

**3.    Motion for Discovery and Inspection [Doc. No. 21]**

Alexander moves the Court to order the United States to comply with its discovery obligations.  The United States is aware of its obligations under the Federal Rules and the relevant case law.

The United States previously informed Alexander of the existence and contents of any confessions or statements in the nature of confessions in accordance with Rule 16(a)(1)(A) and Rule 16(a)(1)(B).  The United States has also disclosed Alexander's prior criminal record and made the defendant aware of documents and objects which may be material to the defense, used in the United States's case-in-chief, or which may belong to Alexander in accordance with Rule 16(a)(1)(D) and Rule 16(a)(1)(E).  The United States has also complied with its discovery obligations under Rule 16(a)(1)(F) regarding reports of tests or examinations.  The United States will comply with its expert disclosure obligations under Rule 16(a)(1)(G) as well.  Finally, the United States has disclosed a large number of reports authored by officer likely to testify at the motions hearing, and will continue to

disclose their reports as they are approved and finalized, in accordance with Rules 12(h) and 26.2.

If the United States becomes aware of any additional information or items subject to disclosure under Rule 16, it will continue to comply with its discovery obligations.

**4.     Motion for Early Disclosure of Jencks Material [Doc. No. 22]**

Alexander seeks early disclosure of Jencks Act material. Alexander has already received voluminous discovery, including many reports, statements, and other items that fall within the scope of the Jencks Act.

The government objects to court-ordered early disclosure of Jencks Act material. It has been repeatedly and consistently held in this Circuit and District that the government may not be required to make pretrial disclosure of Jencks material. *United States v. Finn*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).

Notwithstanding the above, the government will voluntarily provide any remaining Jencks material no later than three business days before trial. The government will request reciprocal Jencks Act disclosures at the same time. *See United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1973).

**5.     Defendant's Motion to Suppress Statements and Evidence [Doc. Nos. 23 and 24]**

Chase Alexander is charged with child pornography offenses. Minneapolis Police Officer Dale Hanson conducted an undercover investigation and found evidence that someone at Alexander's residence was using peer-to-peer file-sharing software to trade child pornography. Over the course of several days in 2017, Officer Hanson was able to

obtain numerous complete and partial downloads of child pornography images and videos from Alexander's computer. Officer Hanson sent his investigative materials to the Apple Valley Police for further investigation. Apple Valley Police Detective Sean McKnight received Officer Hanson's lead and obtained a state search warrant for Alexander's home. The search warrant authorized the search and seizure of computers, data, and other digital evidence located within the home. Officer McKnight and his colleagues executed the warrant in October 2017.

As a standard part of the search warrant execution, investigators conducted manual previews of the contents of various digital devices within the home, and located evidence of child pornography on a computer belonging to Chase Alexander. Alexander now moves to suppress evidence located during the preview. At the hearing, the United States will offer a copy of the search warrant and present witness testimony to describe a computer preview and how it forms a part of many searches of electronic evidence.

During the execution of the search Alexander participated in a non-custodial interview with Det. McKnight. Alexander now moves to suppress the interview. At the hearing, the United States will call a witness to describe the circumstances interview and may present exhibits related to the interview.

The Court should deny both of Alexander's motions. The preview of the computers was well within the scope of the search warrant, and not a violation of Alexander's constitutional rights. Det. McKnight conducted a lawful, non-custodial interview of Alexander, which is admissible against him.

5

## **CONCLUSION**

The United States respectfully asks the Court to rule on Chase Alexander's pre-trial motions as set forth above.

                                                            Respectfully submitted,

Dated: December 20, 2018                  ERICA H. MacDONALD
                                                            United States Attorney

                                                            *s/Katharine T. Buzicky*
                                                            BY: Katharine T. Buzicky
                                                            Assistant U.S. Attorney
                                                             Attorney ID No. 671031MA