UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-251 (DWF/KMM)

UNITED STATES OF AMERICA,

        Plaintiff,          **PLEA AGREEMENT AND**
                                                       **SENTENCING STIPULATIONS**

v.

CHASE MACAULEY ALEXANDER,

        Defendant.

The United States of America and Chase Macauley Alexander (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges**. Defendant agrees to enter a plea of guilty to Count 4 of the Indictment, which charges him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). In exchange for Defendant's plea of guilty, the United States agrees to move to dismiss all remaining counts at sentencing.

2.    **Factual Basis**. The parties agree on the following factual basis for the plea:

    a. Count 4: On or about October 2, 2017, in the State and District of Minnesota, Defendant knowingly possessed matters containing visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce, including by computer, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, where the production of such visual depictions involved the use of minors, including prepubescent minors and minors who had not attained the age of 12 years, engaging in sexually explicit conduct, and such depictions were of such conduct.



    b. Specifically, the Defendant agrees he used the Internet and computers to possess child pornography images and videos. On or about October 2, 2017, the Defendant possessed the following computer files depicting the rape and torture of a female toddler:

        1. DD-bdsm2.mp4;

        2. Lux_Leak 4.mp4;

        3. Pthc OPVA 2013 Rape Ultrrra.mp4; and

        4. Lux_Leak 3.mp4.

    c. <u>Relevant Conduct</u>: In addition to the video files listed above, the Defendant agrees he possessed 2,213 images and 130 videos depicting known victims of child pornography, including depictions of toddlers and other prepubescent minors under the age of 12, and depictions of sadistic and masochistic abuse. Further, the Defendant agrees he knowingly received and distributed child pornography using a peer-to-peer file-sharing network, as charged in Counts 1 through 3 of the Indictment.

3. **Waiver of Pretrial Motions**. Defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, Defendant knowingly, willingly, and voluntarily gives up the right to litigate pre-trial motions and withdraws any motions currently pending before the Court.

4. **Statutory Penalties**. The parties agree that Defendant is subject to the following statutory penalties per 18 U.S.C. § 2252(b)(2):

    a. a maximum of 20 years' imprisonment;

    b. a supervised release term of at least five years up to a maximum supervised release term of life;

    c. a fine of up to $250,000;

    d. a mandatory special assessment of $100;

e. payment of $5,000 to the Domestic Trafficking Victims' Fund if the Defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

f. payment of mandatory restitution in an amount to be determined by the Court.

5. **Revocation of Supervised Release**. The Defendant understands that if he violates any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583(k).

6. **Guideline Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. Base Offense Level. The parties agree that the base offense level for ~~receipt of child~~ pornography is **18**. (U.S.S.G. § 2G2.2(a)(2)).

[handwritten initials and date: 5/1/19]

b. Specific Offense Characteristics. The parties agree that the offense level should be increased by **2 levels** because the material involved prepubescent minors (U.S.S.G. § 2G2.2(b)(2)); **2 levels** because the offense involved knowing distribution (U.S.S.G. § 2G2.2(b)(3)(F)); **4 levels** because the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence (U.S.S.G. § 2G2.2(b)(4)); **2 levels** because the offense involved the use of a computer and an interactive computer service (U.S.S.G. § 2G2.2(b)(6)); and **5 levels** because the offense involved more than 600 images (U.S.S.G. § 2G2.2(b)(7)(D)).

c. Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **3-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, the Defendant understands and agrees that this recommendation is conditioned upon the

3

following: (i) the Defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the Defendant cooperates with the Probation Office in the pre-sentence investigation, including disclosure of truthful and accurate financial information to the Probation Office, and (iii) the Defendant commits no further acts inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1(a) and (b)). The parties agree that no other Chapter 3 adjustments apply.

d. Criminal History Category. Based on information available at this time, the parties believe that the Defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, he will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

e. Guideline Range. If the adjusted offense level is **30**, and the criminal history category is **I**, the Sentencing Guidelines range is 97-121 months of imprisonment.

f. Fine Range. If the adjusted offense level is **30**, the fine range is $30,000 to $300,000.

g. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least five years and up to a life term if a term of imprisonment of more than one year is imposed. (U.S.S.G. §§ 5D1.2(a)(1) and 5D1.2(b)(2); 18 U.S.C. § 3583(k)).

h. Sentencing Recommendation and Departures. The parties agree that the appropriate term of supervised release for the Defendant is between 20 and 35 years. The parties jointly agree that any specific recommendation to the Court regarding the term of supervised release will be within this range. Apart from the parties' agreement regarding the term of supervised release, the parties reserve the right to make any motions for variances and/or departures from the applicable Guidelines range and to argue for a sentence outside the applicable Guidelines range.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines

4

are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which Defendant is convicted. (U.S.S.G. § 5E1.3). The $100 special assessment becomes due and payable at sentencing.

9. **Restitution**. Defendant understands and agrees that 18 U.S.C. § 2259 and the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, apply and that the Court is required to order Defendant to make restitution to the victims of his crime. There is no agreement with regard to the amount of restitution; however, Defendant understands and agrees that the Court may order Defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction.

10. **Forfeiture**. Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

> a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

Specifically, the parties agree that Defendant will forfeit the following to the United States:

1. a 250GB Samsung SSD, s/n S2R5NX0HB19472N;

2. a 160GB SATA Seagate hard drive, s/n 5LS8F9V7;

3. a 1TB SATA Western Digital hard drive, s/n WX41A74FZJDX; and

4. a 60GB SATA Hitachi hard drive, p/n 0A27463.

The Defendant agrees that this property is subject to forfeiture because the items were used to commit the offense charged in Count 4 of the Indictment. The United States reserves the right to seek the forfeiture of additional property.

11. **<u>Sex Offender Registration</u>**. The Defendant recognizes that pleading guilty to the offense charged in Count 4 triggers a requirement to register as a sex offender under federal law, and may require registration under state or tribal law. However, the Defendant understands that no one, including his attorney or the Court, can predict to a certainty the registration requirements of state and tribal law with respect to this offense. Defendant nevertheless affirms that he wishes to plead guilty regardless of any sex offender registration requirement that his plea may entail, and the Defendant acknowledges his duty to comply with the registration requirements in any jurisdiction where he lives, works, or attends school.

12. **Waiver of Appeal.** The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal Defendant's sentence, unless the sentence imposed is in excess of 121 months of imprisonment. In exchange, the government waives its right to appeal the Defendant's sentence, unless the sentence is below 97 months of imprisonment. The Defendant has discussed his appellate rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

13. **FOIA Request Waiver.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of both cases under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Psycho-sexual Evaluation.** The Defendant agrees to undergo a psycho-sexual evaluation before sentencing, and to disclose the results and conclusions of that evaluation to the government, United States Probation, and the Court. The evaluator shall be a qualified practitioner, mutually agreed upon by the government and Defendant.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

Date: May 1, 2019

ERICA H. MACDONALD
United States Attorney

Date: May 1, 2019

*Laura M. Provinzino* (for)
KATHARINE T. BUZICKY
Assistant U.S. Attorney

Date: May 1, 2019

CHASE MACAULEY ALEXANDER
Defendant

Date: May 1, 2019

SHANNON ELKINS, ESQ.
Counsel for Defendant