## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>CHASE MACAULEY ALEXANDER,<br><br>                    Defendant. | Case No. 18-cr-251 (DWF/KMM)<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |

The United States of America, by and through Erica H. MacDonald, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 2253(a) and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On October 16, 2018, a federal grand jury sitting in the District of Minnesota returned an Indictment against Defendant Chase Macauley Alexander. The Indictment charged Alexander with two counts of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), one count of Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Docket 1.) The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 2253(a), of any property, real or personal, used or intended to be used to commit or to promote the commission of these counts, or any property traceable to such property, including but not limited to the following:

    a.    a 250GB Samsung SSD, s/n S2R5NX0HB19472N;

      b.      a 160GB SATA Seagate hard drive, s/n 5LS8F9V7;

      c.      a 1TB SATA Western Digital hard drive, s/n WX41A74FZJDX; and

      d.      a 60GB SATA Hitachi hard drive, p/n 0A27463 (together, "the Property").

(*Id.*, at 4-5.)

On May 1, 2019, the United States and the Defendant entered into a Plea Agreement through which he pled guilty to Count 4 of the Indictment, Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Docket 41, ¶ 1.) The Defendant agreed that he used the internet and computers to possess child pornography images and videos. (*Id.*) Specifically, the Defendant agreed that on or about October 2, 2017, he possessed computer files depicting the rape and torture of a female toddler. (*Id.*) In addition, the Defendant agreed he possessed 2,213 images and 130 videos depicting known victims of child pornography, including depictions of toddlers and other prepubescent minors under the age of 12, and depictions of sadistic and masochistic abuse. (*Id.*) The Defendant agreed to forfeit the Property to the United States. (*Id.*, ¶ 10.)

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

    (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty,… on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the

court must determine whether the government has established the requisite nexus between the property and the offense.

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Based upon the evidence set forth in the Indictment and the Plea Agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a).

Section 853(n)(1) of Title 21, as incorporated by 18 U.S.C. § 2253(b), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third party petitions or, if no such petitions are

filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture forfeiting the Property to the United States.

                                        Respectfully submitted,

Dated:  May 24, 2019

                                        ERICA H. MacDONALD
                                        United States Attorney

                                        *s/ Craig R. Baune*

                                        BY:  CRAIG R. BAUNE
                                        Assistant U.S. Attorney
                                        Attorney ID No. 331727
                                        600 United States Courthouse
                                        300 South Fourth Street
                                        Minneapolis, MN 55415
                                        Phone:  612-664-5600
                                        Craig.baune@usdoj.gov